**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Law Offices of Pedro A Simpson PLLC,<br><br>                 Plaintiff,<br><br>v.<br><br>Drula Faye Fields, et al.,<br><br>                 Defendants. | No. CV-24-00517-PHX-ROS<br><br>**ORDER** |

       This case arises out of competing claims to $340,658.46 held by Plaintiff in its client trust account from its previous representation of Defendant Drula Fields. (Doc. 1). The three claimants are (1) Defendant Fields, who demands immediate access to her personal injury settlement funds held in trust by Plaintiff, (2) Defendant United States of America, who asserts a criminal restitution lien on the funds and a potential reimbursement claim for Medicare payments, and (3) Defendant Prove Legal Funding LLC ("Prove"), who entered into a Nonrecourse Purchase Agreement with Defendant Fields whereupon Defendant Fields sold and assigned to Defendant Prove an interest in settlement proceeds in the underlying personal injury matter.

       On March 14, 2025, Defendant United Healthcare was voluntarily dismissed from this action. (Doc. 47). And on March 17, 2025, Defendants Brian Briggs, St. Joseph's Hospital and Medical Center, MedTrak Diagnostics Incorporated, Optimal Practice d/b/a/ Neuron Connect, and Innovative Injury Solutions LLC were defaulted for failure to answer. (Doc. 49). Due to competing claims to the funds in the account, Plaintiff filed this suit and

a Motion to Interplead Funds and Set Aside Attorney's Fees. (Doc. 52).

Plaintiff requests $8,850.00 in attorney's fees and costs (Doc. 52 at 2) and provides billing entries supporting its request (Doc. 55 at 4). Defendant Fields filed a document opposing Plaintiff's request for attorney's fees for a number of reasons. (Doc. 57). No other Defendant responded to Plaintiff's motion. Defendant Fields asserts Plaintiff's counsel is not entitled to attorney's fees because she did not hire Plaintiff's counsel and because Plaintiff's counsel made non-substantive errors such as (1) filing the initial interpleader action in state court, (2) excluding a civil cover sheet and not strictly complying with federal formatting requirements, and (3) accidentally filing an unrelated exhibit that was struck by the Court.

None of these reasons are grounds for denying a motion for interpleader deposit and declining to award Plaintiff attorney's fees. "[T]he availability of attorneys' fees for interpleader plaintiffs recognizes that by bringing the action, the plaintiff benefits all parties 'by promoting early litigation on the ownership of the fund, thus preventing dissipation.'" *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000) (quoting *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.,* 306 F.2d 188, 193 (9th Cir. 1962)). Courts limit a grant of attorney's fees in interpleader actions "to those fees that are incurred in filing the action and pursuing the [plaintiff's] release from liability, *not* in litigating the merits of the adverse claimants' positions." *Id.* (emphasis in original). In reviewing Plaintiff's counsel's billing entries, the Court finds Plaintiff is properly seeking fees related to the filing of this action and pursuing its release from liability against all claimants.[1]

Further, Plaintiff's counsel's non-substantive errors in this matter are not grounds for an outright denial of fees. Plaintiff notes "Plaintiff's counsel did not bill additional fees

---

[1] As Plaintiff states, Plaintiff "is providing a significant benefit to Defendant Fields by initiating this interpleader action. The federal government, asserting an interest in the funds held in Mr. Simpson's Trust Account, could have pursued immediate garnishment of the funds. By placing the matter before the Court, Plaintiff ensures Defendant Fields has an opportunity to assert any entitlement over the funds, as well as any distribution of funds will be subject to judicial oversight." (Doc. 59 at 3).

because of these minor procedural issues. These minor faults had no impact on the outcome of the case or time spent working on the case[.]" (Doc. 59 at 3). Defendant Fields also raises ethical issues in Plaintiff's representation of her in the personal injury matter. Defendant Fields' issues with her former counsel are beyond the scope of this matter and have no bearing on the deposit of the funds or the award of attorney's fees. Because Plaintiff has established "a real and reasonable fear of exposure to double liability or the vexation of conflicting claims," Plaintiff's Motion will be granted. *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012).

Accordingly,

**IT IS ORDERED** Plaintiff's Motion to Deposit Funds and Set Aside Attorney's Fees (Doc. 52) is **GRANTED**.

**IT IS FUTHERED ORDERED** Plaintiff's Motion to Supplement (Doc. 55) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff is awarded $8,850.00 in attorney's fees and costs.

**IT IS FURTHER ORDERED** pursuant to Local Rule 67.1(b)(2), Plaintiff shall deposit $331,808.46 (the "Funds") with the Clerk of Court.

**IT IS FURTHER ORDERED** Defendants are permanently enjoined from commencing or prosecuting any other suit or action against Plaintiff for the collection of the Funds, and from assigning, transferring, or otherwise disposing of the interest in the Funds until further order of this Court.

…

…

…

…

…

…

…

**IT IS FURTHER ORDERED** upon deposit of the Funds with the Court, Plaintiff is discharged from any further proceedings in this action and from any and all liability arising out of any claim to the Funds.

Dated this 25th day of April, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge